UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LARRY HALBERT,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JULIE TAYLOR; GARY TAYLOR; STEPHANIE LaDUKE LAKEY; RICKEY D. FORBUS,<br><br>　　　　Defendants. | Case No. 1:19-cv-00014-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court are Defendants Julie Taylor, Gary Taylor, Stephanie LaDuke Lakey and Rickey D. Forbus's ("Defendants") Motion for Summary Judgment (Dkt. 25) and Motion for Entry of Judgment (Dkt. 27). Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motions without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For the reasons set forth below, the Court finds good cause to GRANT Defendants' Motion for Summary Judgment and GRANT Defendants' Motion for Entry of Judgment.

## II. BACKGROUND

Plaintiff Larry Halbert is a prisoner in the custody of the Idaho Department of

Correction ("IDOC"). On December 20, 2019, Halbert filed the instant *pro se* Amended Complaint alleging various violations of 42 U.S.C. § 1983.[1] Dkt. 11. During the events leading to this suit, Halbert was on parole. In his Amended Complaint, Halbert alleges that, although he had been on parole without incident for several years, parole officers searched his home in December of 2017 and found alcohol. Halbert claims he was wrongfully placed on house arrest, coerced into waiving his right to a revocation hearing, and deprived of his due process rights in various ways throughout the investigation, detention, and charging stages of his parole revocation.

On August 18, 2020, United States District Court Judge B. Lynn Winmill issued a Successive Review Order: (1) permitting Halbert to proceed on his Fourteenth Amendment claims against Defendants Julie Taylor, Gary Taylor, Rickey Forbus, and Stephanie LaDuke Lakey; (2) terminating Idaho Parole Board of Pardons and Parole members Sandy Jones, Mike Matthews, R. David Moore, and Rich Willis as defendants;[2] and (3) dismissing

---

[1] Halbert's initial Complaint, filed on January 8, 2019, was dismissed without prejudice because Halbert alleged that the wrong parole procedures resulted in the wrongful revocation of his parole. Dkt. 3. The *Heck* doctrine prevents a prisoner in state custody from using a civil rights action to challenge the fact or duration of his confinement. *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). Instead, a prisoner seeking release by challenging his parole revocation must seek habeas corpus relief. *Id*. at 486–87; *see also Preiser v. Rodriguez*, 411 U.S. 475, 488–90 (1973).

[2] Parole board members "are entitled to absolute quasi-judicial immunity for decisions to grant, deny, or revoke parole because these tasks are functionally comparable to tasks performed by judges." *Swift v. California*, 384 F.3d 1184, 1189 (9th Cir. 2004) (cleaned up). As such, the Court held Defendants Jones, Matthews, Moore, and Willis are entitled to absolute quasi-judicial immunity from Halbert's suit for damages and Halbert's parole revocation proceedings claims against them were dismissed with prejudice under 28 U.S.C. § 1915(b). Dkt. 15, at 3–4. Although Halbert's failure to train and supervise claim against Jones and LaDuke Lakey fell outside the quasi-judicial immunity boundary, Halbert's Amended Complaint failed to provide any factual basis for such claims against either Jones or LaDuke Lakey. *Id*., 4–7. Such claims were accordingly dismissed without prejudice. *Id*. Halbert's Eighth Amendment deliberate indifference claim against "Defendant Taylor," and state law claims against Defendants, were similarly dismissed without prejudice for failure to provide adequate allegations to state a plausible claim. *Id*., 11–16. Halbert has not attempted to amend or restate any of the claims Judge Winmill dismissed without prejudice.

MEMORANDUM DECISION AND ORDER - 2

each of Halbert's other claims without prejudice.³ Dkt. 15.

In his Amended Complaint, Halbert alleges he was seriously injured in a car accident on December 13, 2017. When he was released from the hospital on December 22, 2017, Halbert contends parole officers Julie Taylor and Gary Taylor (the "Taylors") were waiting for him at his home.⁴ Halbert suggests the Taylors proceeded to search his home and found alcohol that belonged to his relatives who had been living there while he was in the hospital. Although Halbert's relatives purportedly advised the parole officers that the alcohol belonged to them, Halbert alleges the Taylors returned to his home on December 23, 2017, and placed him on house arrest without prior notice or any other due process. Halbert suggests Parole Hearing Officer Forbus subsequently coerced him into waiving his right to a revocation proceeding while he was still heavily medicated due to the injuries he sustained in his car accident. Halbert also alleges Defendants later held two illegal revocation hearings without providing him with any of his due process rights.

On December 22, 2020, Defendants filed the instant Motion for Summary Judgment. The motion and supporting documentation provide considerable context to Halbert's allegations. Specifically, Halbert was on probation for two felony crimes for

---

³ In his Amended Complaint, Halbert stresses that he is not seeking to overturn his ultimate parole revocation but is instead challenging the deprivation of his civil rights during the events leading to his parole revocation. In the Successive Review Order, Judge Winmill noted that the Court did not have adequate factual information about Halbert's remaining due process claims to determine whether they could survive *Heck*, and noted that such facts were most likely in the Defendants' possession. Dkt. 15, 7–8. The Court permitted Halbert to proceed to the next stage of preliminary proceedings. Rather than filing a Motion to Dismiss based on the *Heck* doctrine, qualified immunity, or failure to state a claim, Defendants proceeded with discovery and ultimately filed their Motion for Summary Judgment.

⁴ Halbert notes that the Taylors are husband and wife.

MEMORANDUM DECISION AND ORDER - 3

driving under the influence at the time of his December 13, 2017 car accident. Among the conditions of Halbert's parole were that he was not to drive, drink alcohol, or use controlled substances. However, the December 13, 2017 car accident occurred when Halbert, while driving with an alcohol percentage of over three times the legal limit and with marijuana in his system, crossed the center line on the highway, collided with an oncoming Nissan, and killed the Nissan's driver. Halbert was seriously injured and taken to the hospital.

On December 18, 2017, an Idaho State Police trooper notified parole officer LaDuke Lakey about Halbert's accident. LaDuke Lakey was advised that felony charges of vehicular homicide and driving under the influence were going to be filed. On December 19, 2017, parole officers Julie Taylor and Gary Taylor visited Halbert at his home in Jerome. Upon walking into the kitchen, they observed two 24-packs of Bud Light, Kahlua, box wine, Crown Royal, and a large bottle of wine in the refrigerator. No arrest was made at the time.

On December 20, 2017, three other parole officers (none of whom are defendants) visited Halbert in his home. Halbert was given a breath alcohol monitoring device and instructed to use it at various intervals so parole officers could monitor whether he was drinking alcohol. At that time, Halbert signed an admission that he drank alcohol on the day of the accident. Dkt. 25-7, at 23. On December 28, 2017, LaDuke Lakey submitted a Report of Parole Violation for Halbert's alcohol and marijuana use, driving without permission, and engaging in behavior harmful to himself or others. *Id*., Ex. C. On December 29, 2017, the Parole Commission issued a warrant for Halbert's arrest. *Id*., Ex. B. Later that day, Julie Taylor and Gary Taylor accompanied two agents of IDOC to arrest

Halbert pursuant to the warrant.

Halbert was transported by the IDOC agents to an IDOC medical unit in Boise. On January 5, 2018, Halbert met with Katie Gibson (formerly Katie Higgins). Gibson is an IDOC case manager for inmates facing parole violations. Gibson gave Halbert a Notice of Rights, Legal Representation, and Witness form, a copy of the December 19, 2017 warrant for his arrest, and LaDuke Lakey's Report of Parole Violation. Dkt. 25-7, ¶¶ 5–7. During his meeting with Gibson, Halbert signed a waiver of his right to a preliminary hearing and elected to have an on-site Parole Violation Hearing. *Id.*, Ex. A.

On January 29, 2018, Halbert met with Gibson again and she gave him a Notice of Parole Violation Hearing setting his hearing for January 31, 2018. Halbert reviewed the Notice, asked Gibson some questions, and signed the document. Dkt. 25-7, Ex. D. Halbert appeared at his January 31, 2018 parole violation hearing and requested a continuance. Hearing Officer Rickey Forbus granted the request.

The parole violation hearing was held on June 27, 2018. During the hearing, Halbert stated that he had not received formal notice of the hearing, but then signed a written acknowledgment that he would like to proceed with the hearing. Dkt. 25-9, Ex. B. Halbert was advised of each of his parole violations and notified of his rights and the purpose of the hearing. Dkt. 25-9, ¶ 12. Halbert did not enter a plea to any purported violation and did not testify or challenge any document presented during the hearing. *Id.*, ¶ 16. Forbus reviewed the police reports from the December 13, 2017 accident, which demonstrated that Halbert had a blood alcohol content of .259% with open containers of alcohol in his vehicle at the time of his car accident, and that he crossed the center line of the highway and crashed

into a woman's vehicle, killing her. Forbus also considered testimony from LaDuke Lakey regarding the alcohol found in Halbert's home on December 19, 2020, and reviewed Halbert's hospital records, which showed he had THC in his system at the time of the accident. Forbus found Halbert guilty of violating four conditions of his parole and revoked his parole. Dkt. 25-9, Ex. C.

On September 25, 2018, Halbert appeared before the Parole Commission. The Commission elected to revoke Halbert's parole, and Halbert later pleaded guilty to driving under the influence and vehicular manslaughter.

Halbert subsequently filed the instant suit. After Judge Winmill's Successive Review Order, counsel for Defendants appeared and filed an Answer.[5] Defendants served Halbert with discovery requests on November 10, 2020. Halbert has yet to answer the requests. Dkt. 25-3, ¶ 6. On December 22, 2020, Defendants filed their Motion for Summary Judgment. Three weeks after Halbert failed to respond by his January 12, 2021 deadline for doing so, Defendants filed their Motion for Entry of Judgment.

### III. LEGAL STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court's role at summary judgment is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."

---

[5] This case was initially reassigned from Judge Winmill to United States Magistrate Judge Ronald Bush. Following expiration of the consent deadline, the case was reassigned to the undersigned on November 12, 2020.

MEMORANDUM DECISION AND ORDER - 6

*Zetwick v. Cty. of Yolo*, 850 F.3d 436, 441 (9th Cir. 2017) (citation omitted). In considering a motion for summary judgment, the Court must "view[] the facts in the non-moving party's favor." *Id.*

To defeat a motion for summary judgment, the respondent need only present evidence upon which "a reasonable juror drawing all inferences in favor of the respondent could return a verdict in [his or her] favor." *Id.* (citation omitted). Accordingly, the Court must enter summary judgment if a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The respondent cannot simply rely on an unsworn affidavit or the pleadings to defeat a motion for summary judgment; rather the respondent must set forth the "specific facts," supported by evidence, with "reasonable particularity" that precludes summary judgment. *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 997 (9th Cir. 2001).

### IV. ANALYSIS

In this case, the Court does not reach the merits of Defendants' arguments in favor of summary judgment, as procedural grounds exist for granting their Motion.

As mentioned, Defendants filed their Motion for Summary Judgement on December 22, 2020. On December 23, 2020, the Clerk of the Court sent Halbert its standard Notice to *pro se* litigants outlining what the Court required him to do.[6] The Notice explained what

---

[6] In *Klingele v. Eikenberry,* 849 F.2d 409, 412 (9th Cir. 1988), the Ninth Circuit held that prisoners (and others) must receive fair notice of the requirements of Rule 56. In this Court—as in courts across the nation—this notice is a standard form mailed to all *pro se* litigants (including prisoners) explaining Rule 56 and what they must do when a motion under Rule 56 has been filed.

a motion for summary judgment is, and how and when Halbert needed to respond to the motion. The Notice also included the following warning:

> **You are warned** that if you do not file your response opposing the motion within 21 days (or such other time period set by the Court), the Court will consider the facts provided by the moving party as undisputed and **may grant the motion** based on the record before it, or it **may dismiss your entire case for failure to prosecute** (abandonment of your case). *See* Local Rule 7.1(e)(2); Fed. R. Civ. P. 41(b).

Dkt. 26, at 2 (emphasis in original).

To date, Halbert has not filed anything with the Court in response to Defendants' Motion for Summary Judgment. He also has not responded to any of Defendants' discovery requests. Halbert could have requested more time to respond but failed to do so. His time for responding has now passed, and his lack of action constitutes a failure to prosecute this case. Fed. R. Civ. P. 41(b).

Additionally, Idaho District Local Rule 7.1 outlines that the Court may consider the material facts of a motion for summary judgment uncontested due to a lack of response:

> In motions brought under Federal Rule of Civil Procedure 56, if the non-moving party fails to timely file any response documents required to be filed, such failure will not be deemed a consent to the granting of said motion by the Court. However, if a party *fails to properly support an assertion of fact or fails to properly address another party's assertion of fact* as required by Federal Rule of Civil Procedure 56(c) or Local Rule 7.1(b)(1) or (c)(2), the Court *may consider the uncontested material facts as undisputed for purposes of consideration of the motion, and the Court may grant summary judgment* if the motion and supporting materials - including the facts considered undisputed - show that the moving party is entitled to the granting of the motion.

Dist. Idaho Loc. Civ. R. 7.1(e)(2) (emphasis added). Accordingly, pursuant to this Court's

MEMORANDUM DECISION AND ORDER - 8

Notice to Halbert, as well as Local Rule 7.1, his failure to timely respond to Defendants' Motion for Summary Judgment is deemed acquiescence to the facts alleged in the motions, and the Court must grant judgment in Defendants' favor.

These two grounds supply independent reasons for the Court to dismiss this case with prejudice.

## V. ORDER

1. Defendants' Motion for Summary Judgment (Dkt. 25) is GRANTED;

2. Defendants' Motion for Entry of Judgment (Dkt. 27) is GRANTED;

3. This case is DISMISSED WITH PREJUDICE and CLOSED.

4. The Court will enter a separate Judgment in accordance with Fed. R. Civ. P. 58.

DATED: February 16, 2021

David C. Nye
Chief U.S. District Court Judge